UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LORENZO J. THIGPEN, | ) Case No.: 1:10 CV 1345 |
| Plaintiff | ) |
| | ) JUDGE SOLOMON OLIVER, JR. |
| v. | ) |
| KATHLEEN ANN SUTULA, *et al.*, | ) MEMORANDUM OF OPINION |
| | ) AND ORDER |
| Defendants | ) |

Plaintiff *pro se* Lorenzo J. Thigpen brings this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against Defendants Cuyahoga County, Ohio Common Pleas Court Judge Kathleen Ann Sutula, Cuyahoga County Prosecutor William Mason, Attorney Jeffrey Kelleher and Assistant County Prosecutor Mrs. Corne. Plaintiff is currently under indictment in the Common Pleas Court of Cuyahoga County, Ohio charged with one (1) count of aggravated burglary, R.C. 2911.11(A)(1); one (1) count of vandalism, R.C. 2909.05(A); two (2) counts of criminal damaging, R.C. 2909.06(A)(1); two (2) counts of abduction, R.C. 2905.02(A)(1); and one (1) count of assault, R.C. 2903.13(A). *State of Ohio v. Thigpen*, Case No. 09-CR-532314-A. Judge Sutula and Prosecutor Mason have filed a Motion to Dismiss for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 3). Plaintiff has filed a Motion for Summary Judgment and a Response to Defendant's Motion to Dismiss. (ECF No. 4).

Plaintiff alleges the following: (1) Judge Sutula, a judge on the Common Pleas Court of

Cuyahoga County, Ohio, refused to step down from his case and he is entitled to have a "mental health Judge"; (2) Judge Sutula did not allow Thigpen to be physically present at his hearings; (3) Attorney Jeffrey Kelleher is ineffective because he is not working to get Thigpen in the courtroom and is not trying to get a "mental health Judge"; (4) Thigpen is not receiving a speedy trial. ("I'm way past my 90 days. I never waived my rights to a speedy trail [sic]."); (5) There is a conflict of interest because Judge Sutula does not take Thigpen's mental health state seriously; (6) Defendant Mason over-indicted Thigpen, which Thigpen alleges violates his right to notice of the charges against him; (7) Thigpen does not understand the plea deal process that Mrs. Corne is engaged in; and (8) Thigpen's criminal attorney, Kelleher, is trying to "force" him to say that he understands when he does not. (Complaint, ECF No. 1, at p. 4.)

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, 2000 WL 145167 *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). Abstention is appropriate if: (1) state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate

2

opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). It is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." *Younger*, 401 U.S. at 4.

All three factors supporting abstention are present in this case. The issues presented in the Complaint are clearly the subject of a state court criminal matter, which are of paramount state interest. *See Younger*, 401 U.S. at 44-45. Furthermore, Plaintiff has the opportunity to raise any defects in his criminal case in the state court. Consequently, this court is required to abstain from intervening in state court proceedings.

Judge Sutula is a Common Pleas Court Judge. It is well-established that judges are immune from liability for actions taken within the scope of their official duties. *Pierson v. Ray*, 386 U.S. 547 (1967). This is true even if a judge acts erroneously, corruptly, or in excess of jurisdiction. *Stump v. Sparkman*, 435 U.S. 349 (1978). When the function complained of is truly a judicial act, judicial immunity applies. *Yarbrough v. Garrett,* 579 F.Supp.2d 856, 860 (E.D. Mich., 2008)(citing *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir. 1994)). There are no facts alleged reasonably suggesting Judge Sutula acted outside the scope of her official duties. Judge Sutula definitely acted within the scope of her official duties in presiding over Plaintiff's court cases.

Prosecutors are absolutely immune from liability under § 1983 for their conduct as long as that conduct is intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "The analytical key to prosecutorial immunity ... is advocacy-whether the actions in question are those of an advocate." *Skinner v. Govorchin,* 463 F.3d 518, 525 (6th Cir. 2006) (citations and internal quotation marks omitted). There is no indication in the

3

Complaint that Prosecutor William Mason or Assistant Prosecutor Mrs. Corne were acting outside of the scope of their responsibilities.

Plaintiff's attorney, Jeffrey Kelleher, is not responsible for the manner in which pretrial proceedings were conducted. The claim that he has not been effective counsel is not a matter for this court.

Accordingly, Plaintiff's Motion for Summary Judgment (ECF No. 4) is denied. The Motion to Dismiss (ECF No. 3) filed by Judge Sutula and Prosecutor Mason is granted. Defendants Keller and Mrs. Corne are dismissed pursuant to 28 U.S.C. § 1915A. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

January 6, 2011